IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA LEISNER, GEORGE EURING III, and CHRISTINA CALLAHAN, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHOP HOSPITALITY LLC d/b/a CHICAGO CHOP HOUSE, CHICAGO CHOP HOUSE, INC. d/b/a CHICAGO CHOP HOUSE, MATTHEW McCAHILL, DORIS SIEMEN, CHARLES PATEL, and BHARATHBHAI PATEL <br><br> Defendants. | Case No. <br><br><br> JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Joshua Leisner, George Euring III, and Christina Callahan, individually and on behalf of all other similarly-situated employees, by and through their attorneys, Law Offices of Daniel Zemans, LLC, bring this collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (FLSA), to recover unpaid wages, liquidated damages, attorneys' fees and costs, and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

**INTRODUCTION**

1. Named Plaintiffs and the persons they represent are current and former tipped employees of Defendants working as servers and bartenders at the Chicago Chop House restaurant.

1

2. Defendants paid these employees sub-minimum hourly wages under the tip-credit provisions of the FLSA. These provisions permit employers of "tipped employees" to pay wages of less than the minimum wage, provided employers comply with all other requirements of the tip-credit provisions.

3. Defendants violated these requirements by requiring their servers, bartenders and bussers to participate in a mandatory, involuntary and invalid tip pool which was operated and controlled by management.

4. Under Defendants' tip pool, servers and bartenders were required to pay a flat fee every shift - $25 for servers and $10 for bartenders – that went to management rather than to proper tip pool participants.

5. Initially, Defendants claimed the $25 and $10 fees went to hosts and food runners, but that was not true.

6. More recently, management claimed the money was distributed to the maître d', a position that does not exist in the restaurant.

7. Most recently, management admits the money goes to Defendant Doris Siemen, who is the General Manager and is ineligible for participation in the pool.

8. As a result of Defendants' improper use of the tip credit provisions of FLSA, Defendants paid regular compensation to Named Plaintiffs and the persons they represent based on an incorrectly low regular rate of pay.

**JURISDICTION AND VENUE**

9. Jurisdiction is invoked under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.     This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), in that the Named Plaintiffs reside in this District, Defendant Chop Hospitality is located in this District, Defendant McCahill and Siemen are residents of this District, the entire claim arose in this District, and most of the relevant witnesses are located in this District.

## THE PARTIES

11.     Named Plaintiff Joshua Leisner worked as an hourly-paid, non-exempt server for Defendants at their restaurant located at 60 West Ontario Street, Chicago, Illinois, during the applicable statute of limitations period while the restaurant was owned by Defendant McCahill and Defendant Chop Hospitality, LLC.

12.     Named Plaintiff George Euring III has worked as an hourly-paid, non-exempt server for Defendants at their restaurant located at 60 West Ontario Street, Chicago, Illinois, throughout the entire applicable statute of limitations period.

13.     Named Plaintiff Christina Callahan worked as an hourly-paid, non-exempt bartender for Defendants at their restaurant located at 60 West Ontario Street, Chicago, Illinois, during the applicable statute of limitations period while the restaurant was owned by Defendants Bharathbhai Patel, Charles Patel, and Defendant Chicago Chop House Inc.

14.     Named Plaintiffs, like those they seek to represent, were "tipped employee(s)" of Defendants as defined by the FLSA, 29 U.S.C. §203(d) and 29 U.S.C. §203(m).

15.     Named Plaintiffs and those they seek to represent all shared similar job titles, training, compensation plans, job descriptions and job requirements, including the requirement that they participate in Defendants' tip pool.

3

16. Defendant Chop Hospitality, LLC is an Illinois corporation doing business as Chicago Chop House. On or around October 3, 2017, Chop Hospitality, LLC purchased Chicago Chop House from Defendant Chicago Chop House Inc.

17. Defendant Chicago Chop House Inc. is an Illinois corporation that did business as Chicago Chop House at all material times prior to the sale of the restaurant to Defendant Chop Hospitality, LLC.

18. At all material times, Chop Hospitality, LLC and Chicago Chop House Inc. regularly and customarily transacted business within this judicial district. At all times hereinafter mentioned, Defendants Chop Hospitality, LLC and Chicago Chop House Inc. have been and are "employers" within the meaning of the FLSA, 29 U.S.C. §203(d).

19. Defendant Matthew McCahill is an owner, operator and manager of Chop Hospitality, LLC, which has operated the Chicago Chop House restaurant since in or around October 2017. At all material times, Matthew McCahill was involved in the day to day business operation of Chop Hospitality, LLC, and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, Matthew McCahill acted and had responsibility to act on behalf and in the interests of Chop Hospitality, LLC in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action. As such, at all times hereinafter mentioned, Defendant Matthew McCahill has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

20. Defendant Bharathbhai Patel is an owner of Chicago Chop House, Inc., which operated the Chicago Chop House restaurant from the start of the relevant statutory period until in or around October 2017. Bharathbhai Patel was involved in the day to day business operation of Chicago Chop House, Inc. and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, Bharathbhai Patel acted and had responsibility to act on behalf and in the interests of Chicago Chop House, Inc. in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action. As such, Defendant Bharathbhai Patel has been an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

21. Defendant Charles Patel is an owner of Chicago Chop House, Inc., which operated the Chicago Chop House restaurant from the start of the relevant statutory period until in or around October 2017 At all material times, Charles Patel was involved in the day to day business operation of Chicago Chop House, Inc., and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, Charles Patel acted and had responsibility to act on behalf and in the interests of Chicago Chop House, Inc. in devising, directing, implementing and supervising the wage and hour

practices and policies relating to hourly-paid employees, including those challenged in this action. As such, at all times hereinafter mentioned, Defendant Charles Patel has been an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

22. Defendant Doris Siemen is the General Manager of Chicago Chop House restaurant, a position she has held throughout the entire relevant statutory period, including when Defendant Chicago Chop House, Inc. and Defendant Chop Hospitality, LLC owned the Chicago Chop House restaurant. At all material times, Doris Siemen was involved in the day to day business operation of the Chicago Chop House restaurant and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, direct employee compensation vis-à-vis the tip credit, and discipline employees. At all relevant times, Doris Siemen acted and had responsibility to act on behalf and in the interests of Chicago Chop House, Inc. and Chop Hospitality, LLC in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action. As such, at all times hereinafter mentioned, Defendant Doris Siemen has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

23. Defendants managed Named Plaintiffs' work and the work of those they represent, including the amount of time worked, the amount of time recorded, and compensation paid. Defendants dictated, controlled and ratified wage and hour policies and all related employee compensation policies.

24. At all material times, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA. 29 U.S.C. 203(s).

**NATURE OF THE SUIT**

25.     Named Plaintiffs bring a collective action under the FLSA on behalf of themselves and others who currently or formerly worked as hourly paid, non-exempt servers, bartenders, or other tipped employees performing similar responsibilities for the Defendants in Illinois at any time during the three years immediately preceding the filing of the original complaint (hereinafter "FLSA Statutory Period").

**COLLECTIVE ACTION ALLEGATIONS**

26.     The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. 203(m). In doing so, an employer may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages an amount that an employee receives in tips. *Id.*

27.     In order to apply a tip credit toward an employee's minimum wage under the FLSA, an employer must satisfy several conditions, including: (1) the employer must inform the employee that it will take a tip credit; and, (2) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips. *Id.*

28.     Defendants have violated and continue to violate the FLSA by requiring their servers and bartenders to participate in an invalid tip pool, whereby servers and bartenders must pay a flat rate every shift ($25 for servers and $10 for bartenders) to management.

29.     Plaintiffs' participation in the tip pool is mandatory and imposed by Defendants as a condition of Plaintiffs' employment throughout the relevant time period.

30. At the start of the relevant statutory period (and before), management claimed, in writing, the $25 and $10 tip pool contributions went to "front of the house" employees. However, the hosts who constituted the front of the house did not receive the tips.

31. When pressed on the issue by Plaintiff Euring and others, management claimed the money went to the hosts and the food runners. However, neither the hosts nor the food runners received the $25 and $10 tip pool contributions.

32. Instead, Defendants Bharathbhai Patel, Charles Patel, and Chicago Chop House Inc. kept the $25 and $10 tip pool contributions.

33. In or around October 2017, Defendants Chicago Chop House, Inc. (the Patel group) sold the restaurant known as Chicago Chip House to Defendant Chop Hospitality LLC (the McCahill group).

34. With a new ownership group in place, servers and bartenders hoped the illegal practice would end. Unfortunately, the McCahill group, which was aware of the tip pool and how it operated when they bought the business from the Patel group, continued making use of the tip pool scheme.

35. In addition to the tip pooling arrangement, there was continuity in restaurant operations from the time the Patel group owned the restaurant to the time the McCahill group owned the restaurant.

36. There was continuity in the work force before and after the sale of the restaurant from the Patel group to the McCahill group, including but not limited to Plaintiff Euring as a server and Defendant Siemen as the General Manager.

37. One change the McCahill group did make was to claim, in writing, that the $25 and $10 tip pool contributions went to the maître d' rather than the "front of the house" the Patel group falsely stated the money went.

38. However, that was merely a change in verbiage describing an identical illegal tip pooling operation as the Chicago Chop House does not and has not had a maître d' at any relevant time.

39. After the sale, Plaintiffs Leisner and Euring asked Defendants McCahill and Siemen about the tips earmarked for the nonexistent maître d'.

40. In or around March 2018, Plaintiff Joshua Leissner asked Defendant Doris Siemen where his $25 shift fee actually went and not only did she refuse to answer, but she told him that if he did not like paying it, he could quit and go work somewhere else.

41. On multiple occasions in April and May, 2018, Plaintiffs Leisner and Euring asked Claudio Aceves, a manager, where the tip pool contributions earmarked for the nonexistent maître d' actually went. Aceves said he did not know and would check with management and finally, after repeated inquiries by Plaintiffs Leisner and Euring, Aceves said he asked Defendants and was told to leave it alone.

42. Mr. Euring repeatedly asked Mr. McCahill about the $25 fee he paid every shift and Mr. McCahill assured Mr. Euring the new ownership group was aware of the issue and would look into it.

43. Eventually, in May 2018, Mr. McCahill told all of the servers at a lineup meeting before service began for the day that the $25 and $10 maître d' fees went to Defendant Siemen, who is the General Manager.

44. On a few occasions when the restaurant did not have many customers, Ms. Siemen told servers that they did not have to pay the full maître d' tip credit, confirming that she has control over their pay.

45. To the extent the tips do go to Defendant Siemen, the General Manager of the restaurant who has the power to hire and fire employees, set schedules, assign who works which tables, and directs and supervises the work of Plaintiffs and similarly situated employees, that is plainly a violation of the allowable use of tip credits under the FLSA.

46. The FLSA requires employers to pay minimum wages for all hours worked. 29 U.S.C. § 201, *et seq*.

47. As a result of Defendants improper use of the tip credit provisions of the FLSA, Defendants paid regular compensation to Plaintiffs based on an incorrectly low regular rate of pay.

48. At all material times, Defendants' failure to pay wages at the correct rate of pay was willful.

49. Accordingly, Plaintiffs bring this collective action to recover unpaid regular wages under the FLSA.

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT: COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES

50. Plaintiffs restate and incorporate all the above paragraphs by reference.

51. As a result of Defendants' improper use of the tip credit provisions of the FLSA, Defendants paid wages to Plaintiffs based on an incorrectly low regular rate of pay.

52. At all material times, Defendants' failure to pay wages at the correct rate of pay was willful.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, Joshua Leisner, George Euring III, and Christina Callahan, individually and on behalf of all others similarly situated, by and through their attorneys, Law Offices of Daniel Zemans, LLC, demand judgment against the Defendants, jointly and severally, and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs and the members of the class and collective action for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all tipped employees employed by Defendants who currently work or have worked for Defendants within the last three years;

B. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former tipped employees employed by the Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*; and,

   ii. Willfully the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*;

D. Award compensatory damages, including all regular pay owed, in an amount according to proof;

E. Award compensatory damages, including restitution of the $25 per shift deduction taken from each class member that was retained by management, in an amount according to proof;

11

F. Award interest on all compensation due accruing from the date such amounts were due as required by the FLSA;

G. Award liquidated damages on all compensation due accruing from the date such amounts were due as required by the FLSA;

H. Award all costs and reasonable attorney's fees incurred prosecuting this claim;

I. Grant leave to amend to add claims under applicable state and federal laws;

J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K. For such further relief as the Court deems just and equitable.

Dated: June 14, 2018                    Respectfully Submitted,


                                        /s/ *Daniel Zemans*
                                        Daniel Zemans
                                        The Law Offices of Daniel Zemans, LLC
                                        500 N. Michigan Avenue, Suite 600
                                        Chicago, IL 60640
                                        Phone: (773) 706-7767
                                        Email: dzemans@zemans-law.com

                                        **ATTORNEY FOR PLAINTIFFS**